IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KARNELL BURTON,

        Petitioner,

vs.

SCOTT FRAKES,

        Respondent.

8:15CV417

ORDER TO SHOW CAUSE

This matter is before the Court on the Petition of Karnell Burton ("Burton") for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Filing No. 1). Based on the Petition, Answer (Filing No. 18), and procedural history, it appears the § 2254 Petition is untimely. For the reasons stated below, Karnell Burton is ordered to show cause why his Petition should not be dismissed under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. 28 U.S.C. § 2244(d)(1).

## I.  BACKGROUND

Burton was convicted at trial in state court of manslaughter, attempted second-degree murder, use of a deadly weapon to commit a felony, and first-degree assault. He was sentenced to a combined term of 80 to 130 years in prison. On direct appeal, the Nebraska Supreme Court affirmed Burton's conviction and sentence on September 2, 2011.

Burton moved for post-conviction relief in state district court on August 27, 2012. The state district court denied relief, and the Nebraska Court of Appeals dismissed the appeal for failure to pay the filing fee. After Burton's motion to reinstate his post-conviction appeal, the Nebraska Court of Appeals affirmed the state district court's denial of relief. The Nebraska Supreme Court denied a request for further review on September 28, 2015.

Burton filed his Petition on November 13, 2015. The State of Nebraska ("State") filed an Answer to the Petition on May 2, 2016. The State did not mention the statute of limitations anywhere in the Answer or its supporting briefs.

## II.     DISCUSSION
### A.     AEDPA

AEDPA sets a one year period of limitation for a habeas petition, which begins on the date which the judgment became final by the conclusion of direct review. *Id.* The time during which a state post-conviction review is pending does not count toward the period. *Id.* at § 2244(d)(2). State post-conviction review ends after the State's highest court has either denied review or ruled on the matter, and the clock is not affected by the petitioner seeking certiorari or by the time period in which a prisoner could seek a writ of certiorari. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).

A district court may raise the AEDPA time bar sua sponte even when the state failed to include the affirmative defense in its answer to the petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

### B.     Analysis

Burton's judgment became final by the conclusion of direct review when the Nebraska Supreme Court affirmed his conviction on September 2, 2011. Burton filed a motion for post-conviction relief in state court on August 27, 2012, which is 360 days after his judgment became final. Although the limitation period was pending during his attempt at post-conviction relief, the period began to run again upon the Nebraska Supreme Court's denial of further review on September 25, 2015. Burton filed his Petition on November 13, 2015, which was forty-nine days after the period began to run for the second time. When added to the previously acquired 360 days, this creates a time period of more than one year between the final judgment and the Petition.

3

Thus, the Petition is time-barred, unless Burton shows cause why the limitations period should not apply. Burton shall have until March 3, 2017, to show cause why his § 2254 Petition should not be dismissed as time-barred.

IT IS SO ORDERED.

Dated this 13th day of February, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge

3