IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KARNELL BURTON,

            Petitioner,

vs.

SCOTT FRAKES,

            Respondent.

8:15CV417

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Karnell Burton ("Burton") for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied and no certificate of appealability shall issue.

## I. BACKGROUND

In 2008, a drug sale turned violent caused the death of Timothy Thomas and the hospitalization of Marshall Turner. The State of Nebraska ("State") charged Burton with first-degree murder, attempted second-degree murder, first-degree assault, and three counts of use of a deadly weapon to commit a felony. On October 29, 2009, a jury convicted Burton of manslaughter, attempted second-degree murder, first-degree assault, and three counts of use of a deadly weapon to commit a felony. Burton's trial counsel moved to set aside the conviction on one of the counts of use of a deadly weapon to commit a felony and the state trial court granted the motion. The trial court sentenced Burton to 80 to 130 years in prison. Burton appealed the conviction and assigned the following four errors:

    1.    The trial court violated Burton's rights under Nebraska's speedy trial act, Neb. Rev. Stat. § 29-1207, by allowing the State to file an amended information.

2. The trial court wrongfully denied Burton's motion for mistrial based on prosecutorial misconduct when the prosecutor referred to statements not in evidence during the State's rebuttal in closing arguments.

3. The trial court erred under the Nebraska Rules of Evidence, Neb. Rev. Stat. §§ 27-101 to 27-1013, by refusing to allow Burton to present evidence that two of the State's witnesses were members of a violent street gang.

4. The trial court abused its discretion by giving Burton an excessive sentence.

On direct appeal, the Nebraska Supreme Court affirmed the trial court and rejected all four grounds. Burton's appellate counsel, who was also his trial counsel, withdrew after the Nebraska Supreme Court affirmed the sentence. Burton then moved for state post-conviction relief in Douglas County District Court, claiming thirteen grounds for relief and asking the district court to vacate the convictions and sentences. The district court denied Burton's motion without an evidentiary hearing. The Nebraska Court of Appeals affirmed the district court. Burton filed a petition for further review with the Nebraska Supreme Court based on two of the thirteen grounds. Burton claimed (1) his trial counsel was ineffective because he failed to protect Burton from vindictive prosecution and (2) the district court erred by failing to instruct the jury of a lesser included offense. The Nebraska Supreme Court denied Burton's petition and did not hear the case.

On November 13, 2015, Burton filed this Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging ten grounds for relief. On March 17, 2016, Burton amended his petition to add another ground for relief. The eleven claims in Burton's amended Petition are:

1. Burton's trial counsel was ineffective for failing to object to the state district court's finding that a continuance was made at Burton's request.

2. Burton's trial counsel was ineffective for not filing a speedy trial discharge.

3. Burton's trial counsel was ineffective for failing to request a lesser included offense and jury instructions on a lesser included offense.

4. The trial court violated Burton's right to a speedy trial by allowing the State to file an amended information.

5. The trial court erred by refusing to allow Burton to prevent evidence that two of the State's witnesses were members of a violent street gang.

6. The trial court gave Burton an excessive sentence.

7. The prosecutor committed prosecutorial misconduct by referring to statements not in evidence during the State's rebuttal in closing arguments.

8. The trial court committed plain error or abused its discretion by allowing the State to file a second amended information.

9. The trial court committed plain error or abused its discretion by granting a continuance when the defendant asked for the continuance in the alternative.[1]

10. The district court committed plain error by failing to instruct the jury on a lesser included offense.

11. Burton's trial counsel was ineffective because he failed to protect Burton from vindictive prosecution.

## II. EVIDENTIARY HEARING

Because this Petition was not dismissed during preliminary review, this Court must determine if an evidentiary hearing is necessary. Rule 8(a), Rules Governing Section 2254 Cases in the U.S. District Courts. "[T]he judge must review the answer, any transcripts and records of state-court proceedings, . . . to determine whether an evidentiary hearing is warranted." *Id*. After examining the record, the Court finds that no evidentiary hearing is required.

## III. LAW

### A. Habeas Corpus for State Prisoners

Individuals in state custody may petition federal courts for a writ of habeas corpus if their custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

---

[1] This allegation was added in the amended Petition.

### B. Exhaustion

A person in state custody who petitions for a writ of habeas corpus must first exhaust his remedies in the courts of the state. 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. at § 2254(c). A claim is exhausted if there is no "avenue of state relief 'still open to the habeas applicant at the time he files his application in federal court.'" *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (quoting *Humphrey v. Cady*, 405 U.S. 504, 516 (1972)).

### C. Procedural Default

Procedural default is related to exhaustion but is a separate issue. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). Procedural default is not statutory; it is based on the judicial doctrine of adequate and independent state grounds. *Haley*, 541 U.S. at 392-93. If a state would have an adequate and independent state ground for declining a claim, then the federal court will not hear the claim. *Id*. "If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006) (quoting *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996)).

In order to present a claim to a state court, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). In Nebraska, this requires the petitioner to submit his claim in a petition for further review to the Nebraska Supreme Court. *Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005). Additionally, the prisoner must alert the state court that he is presenting a claim under the United States Constitution and not merely a similar state provision. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). "[I]n order to fairly present a federal claim to the state courts, the petitioner must [refer] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional

4

case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quoting *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007)).

Nebraska allows for state collateral post-conviction review under the Nebraska Postconviction Act ("State Act"). Neb. Rev. Stat. § 29-3001 *et seq*. Under Nebraska law, "an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion."[2] *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). The applicable statute of limitations for state post-conviction review is one year from "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal[.]" Neb. Rev. Stat. § 29-3001.[3]

In Nebraska, if a party does not object to a trial court's action, the action will not be considered by an appellate court. *State v. Archie*, 733 N.W.2d 513, 533 (Neb. 2007). One exception to this is plain error. *Id*. "Consideration of plain error occurs . . . at the discretion of an appellate court[.]" *Id*. While appellate courts have the ability to examine plain error on direct appeal, "[p]lain error cannot be asserted in a postconviction proceeding to raise claims of error by the trial court." *State v. Sepulveda*, 775 N.W.2d 40, 46 (Neb. 2009).

If a claim is deemed to be procedurally defaulted, the petitioner must fit into one of two exceptions for the federal court to hear the claim. *Gordon v. Arkansas*, 823 F.3d

---

[2]Burton has not affirmatively shown the claims were not available. Thus, any claims he has not previously presented will be barred by the prohibition of successive motions and are defaulted.

[3]Because more than one year has passed since the date Burton's judgment of conviction became final, the statute of limitations has run for all of Burton's claims. He is no longer able to bring them in state court and, therefore, has exhausted every claim, even if he had not previously presented the claim. Any claims he has not previously presented will be barred by the statute of limitations and are defaulted.

5

1188, 1196 (8th Cir. 2016) (citing *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)).

The first exception is cause and prejudice. *Id*. Adequate cause requires a factor external to the defense team, such as mental incapacity of the prisoner. *Gordon*, 823 F.3d at 1196 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice results when there is a reasonable probability the cause affected the outcome. *Banks v. Dretke*, 540 U.S. 668, 698-99 (2004).

The second exception is the miscarriage-of-justice exception. *House v. Bell*, 547 U.S. 518, 536 (2006). The test for a miscarriage of justice is "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id*. at 537 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). [4]

### D. Merits Review

If the petitioner reaches review on the merits for a claim that was previously adjudicated in state court, he must show that either (1) the state court's analysis "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "the court based its decision on an unreasonable

---

[4] In his brief, Burton contends that any claims procedurally barred by a failure to present them to a state court fit into an exception to procedural default without specifying which one. Burton argues that any failure to present claims was "because of the ineffective assistance of counsel, and to not allow him to proceed on same would be a manifest injustice." This fusion of the two exceptions is insufficient to excuse procedural default. Ineffective assistance of counsel cannot excuse procedural default because counsel is not external to the defense team. Because Burton does not present any new evidence or argue his actual innocence, he does not fit into the miscarriage of justice exception. Any of his claims that are procedurally defaulted are necessarily barred.

6

determination of the facts based on the evidence presented in the proceeding." 28 U.S.C. § 2254(d).[5]

## IV. ANALYSIS

### A. Claims One through Three

Burton did not advance any of these three claims during his direct appeal. While Burton initially raised these claims in his petition for collateral review in state court, he did not pursue these claims up to the Nebraska Supreme Court.[6] Since he would now be barred from making claims one through three in state court by the State Act's prohibition of successive petitions and its statute of limitations, claims one through three are procedurally defaulted. *See Haley*, 541 U.S. at 392-93.

### B. Claims Four through Six

Burton's fourth claim is that the trial court violated Burton's right to a speedy trial by allowing the State to file an amended information. Burton addressed a speedy trial claim during his direct appeal of the state conviction, alleging violations of Neb. Rev. Stat. § 29-1207. He explained that he had diligently pursued his rights under the Nebraska statute by citing other Nebraska statutes and Nebraska case law relating to the procedures for enforcing § 29-1207. Burton never mentioned federal law. Burton mentioned a speedy trial issue in his state collateral appeal, but this was framed in the context of an ineffective-assistance-of-counsel claim, and that claim was not pursued in his petition to the Nebraska Supreme Court.

---

[5]Even if the petitioner succeeds on the merits, he must also show the error was not harmless. *United States v. Clay*, 720 F.3d 1021, 1026 (8th Cir. 2016). On collateral review, an error is harmful if it "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 1027 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

[6]The only claims from his collateral petition that Burton included in his petition for further review were (1) Burton's trial counsel was ineffective because he failed to protect Burton from vindictive prosecution and (2) the district court erred by failing to instruct the jury on a lesser included offense.

Burton's fifth claim is that the trial court erred by refusing to allow Burton to prevent evidence that two State's witnesses were members of a violent street gang. Burton addressed this evidentiary issue during his direct appeal of the state conviction. In Burton's brief to the Nebraska Court of Appeals, he cited Neb. Rev. Stat. §27-401 and §27-403 as well as *State v. Poe*, 754 N.W.2d 393 (Neb. 2008). Nowhere did Burton raise any inference of a violation of any federal right.

Burton's sixth claim is that the trial court gave him an excessive sentence. On direct appeal, Burton claimed the district court abused its discretion by imposing an excessive sentence. Burton asserted, "the Nebraska Court of Appeals or the Supreme Court of Nebraska may reduce the sentence rendered by the District Court against the accused when, in its opinion, the sentence was excessive." Burton never tied this claim to a violation of his constitutional rights.

Claim seven is that the prosecutor committed prosecutorial misconduct by referring to statements not in evidence during the State's rebuttal in closing arguments. Burton raised this claim in his direct appeal, citing five Nebraska Supreme Court cases in support. Citing a state case that merely mentions federal issues in passing does not satisfy the need to present the federal claim to the state court. While a few of these cases cite some federal law, they clearly resolve the issues under state law. "A petitioner has not met the fair-presentation standard if he has merely alerted a state court to a state issue that is similar to a federal issue[.]" *Mahbub v. Warden*, No. 14-CV-4825, 2016 WL 75053, at *2 (D. Minn. 2016) (citing *Turnage*, 606 F.3d at 936).[7] Burton never alleged federal violations in his argument.

---

[7]Citing a state-court case that references federal cases on the topic of prosecutorial misconduct informs state judges "that a defendant *can* raise a prosecutorial-misconduct claim under federal law (although the justice surely knows that already)[,]" but is not sufficient to inform the judge that the defendant "*was* raising a prosecutorial-misconduct claim under federal law." *Id.*

Burton has failed to previously present a federal constitutional violation to a state court regarding the filing of an amended information, the exclusion of the evidence, the sentence imposed, or the denial of a mistrial.[8] Because Burton would no longer be allowed to make these claims because of the State Act's prohibition of successive petitions and its statute of limitations, his claims are procedurally barred. *See Haley*, 541 U.S. at 392-93.

### C. Claims Eight and Nine

In his eighth claim, Burton alleges that the trial court committed plain error or abused its discretion by allowing the state to file a second amended information. Claim nine is that the trial court committed plain error or abused its discretion by granting a continuance when the defendant asked for the continuance only in the alternative. In Nebraska, if there is no objection made at trial, the error cannot be addressed after trial unless the error is plain. *Archie*, 733 N.W.2d at 533. Plain error can only be addressed on direct appeal, and Burton failed to address either of these two issues on direct appeal. *Sepulveda*, 775 N.W.2d at 46. Additionally, claims eight and nine were never presented to the Nebraska Supreme Court on collateral appeal. As he would now be barred from making these claims by Nebraska law forbidding the examination of plain error on collateral review and by the State Act's prohibition of successive petitions and its statute of limitations, Burton's claims are procedurally defaulted. *See Haley*, 541 U.S. at 392-93.

### D. Claim Ten

Claim ten is that the district court committed plain error by failing to instruct the jury of the lesser included offense of attempted sudden-quarrel manslaughter. The

---

[8]Burton included in his habeas petition a letter from the counsel who handled his trial and direct appeal to the Nebraska Supreme Court. In the letter, written after the Nebraska Supreme Court's affirmed Burton's conviction on direct appeal, counsel stated "I do not believe it will be beneficial to pursue this matter in the United States Supreme Court because there are really no federal constitutional issues to raise." This is further evidence that Burton did not present his claims as federal claims in the state-court system.

Nebraska Court of Appeals dismissed this claim because plain error review is not cognizable on collateral review in Nebraska. *State v. Burton*, No. A–14–584, 2015 WL 3955485, at *4 (Neb. Ct. App. 2015) (citing *Sepulveda*, 775 N.W.2d 40). Additionally, the plain error is based on state law, not federal law. In his collateral brief on appeal, Burton cites only Nebraska case law in support of his claim that an instruction on attempted sudden quarrel manslaughter should have been given. While Burton did exhaust this claim by including it in his collateral petition to the Nebraska Supreme Court, he raised no federal issue there. Because Burton would now be barred from making this claim by Nebraska law forbidding the review of plain error on collateral review and the State Act's prohibition of successive petitions and its statute of limitations, this claim is defaulted. *See Haley*, 541 U.S. at 392-93.

### E. Claim Eleven

Claim eleven is that Burton's trial counsel was ineffective because he failed to protect Burton from vindictive prosecution. Burton presented this claim, which does arise under the Constitution of the United States, to the Nebraska Supreme Court in his collateral petition, and this Court will analyze his claim on the merits. Because the Nebraska Court of Appeals heard this claim on the merits, Burton must show the state court's review of the claim either (1) "resulted in a decision that was contrary" to "clearly established Federal law," (2) "involved an unreasonable application of[] clearly established Federal law," or (3) "was based on an unreasonable determination of the facts based on the evidence presented in the State court proceeding." 28 U.S.C. § 2254.

Ineffective-assistance-of-counsel claims are analyzed under the framework set forth in *Strickland v. Washington*. 466 U.S. 668, 688, 694 (1984). A defendant must show "that counsel's representation fell below an objective standard of reasonableness[,]" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

10

The Nebraska Court of Appeals did not evaluate Burton's ineffective-assistance-of-counsel claim in a manner contrary to "clearly established Federal law." To the contrary, it correctly used the *Strickland* test to evaluate Burton's claim. The Court of Appeals noted:

> In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Dunster*, 278 Neb. 268, 769 N.W.2d 401 (2009). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

*Burton*, 2015 WL 3955485, at *5.

The Nebraska Court of Appeals then stated that Nebraska law does not recognize a claim for prosecutorial vindictiveness when the only evidence is the pre-trial filing of a second amended information which adds additional charges. *Id*. at *8-9. The court ruled that because there was no evidence of prosecutorial vindictiveness, trial counsel could not have been "deficient for failing to raise the issue." *Id*. at *9.

This ruling did not unreasonably apply federal law. If the grounds for an objection do not exist, trial counsel does not fail to meet the standard of a reasonable lawyer by not making an objection.[9] There was also no unreasonable determination of the facts because the facts are not disputed; the prosecutor filed a second amended information and trial counsel did not object. Burton's claim lacks merit.

---

[9]The Court has no reason to believe the Nebraska Court of Appeals made a mistake under Nebraska law about whether or not the filing of additional charges before trial could constitute prosecutorial vindictiveness. Even if it had, that would not affect the outcome because, under section 2254, this Court can only address federal law.

11

## V. CONCLUSION

Burton has failed to show that any of his eleven claims are meritorious. Burton's § 2254 petition is dismissed.

The district court must issue or deny a certificate of appealability after issuing a final order adverse to an applicant under § 2254. Rule 11, Rules Governing Section 2254 Cases in the U.S. District Courts. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing has not been made if no reasonable jurist could conclude the district court incorrectly dismissed the petition. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner has not made the required substantial showing and this Court will not issue a certificate of appealability. Accordingly,

IT IS ORDERED:
1. The Petition for Writ of Habeas Corpus (Filing No. 1) AND Amended Petition (Filing No. 13) are dismissed with prejudice.
2. No certificate of appealability shall issue.

Dated this 17th day of March, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge